DAVID A. TANNER, Esq.
Nevada Bar No. 8282
**TANNER LAW FIRM**
9555 S. Eastern Ave., Suite 270
Las Vegas, NV  89123
Telephone (702) 987-8888
Facsimile (702) 410-8070
david@tannerlawfirm.com
- and -
ANDRE M. LAGOMARSINO, Esq.
Nevada Bar No. 6711
**PARKER SCHEER LAGOMARSINO**
610 S. Seventh Street
Las Vegas, NV  89101
Telephone (702) 383-2864
Facsimile (702) 383-0065
andre@parkerscheer.com

Attorneys for Plaintiff

UNITED STATE DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHELLE GARCIA,<br><br>       Plaintiff,<br><br>vs.<br><br>NINE GROUP, LLC, a Delaware limited liability corporation; NINE GROUP II, LLC, a Delaware limited liability company; NINE GROUP MANAGEMENT, INC., a Nevada corporation; NINE GROUP MANAGEMENT II, INC., a Nevada corporation; N-M VENTURES, LLC, a Nevada limited liability company; N-M VENTURES II, LLC, a Nevada limited liability company; RAUL DANIELS, an individual,<br><br>       Defendants. | CASE NO.<br><br><br>**COMPLAINT AND JURY DEMAND** |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff, MICHELLE GARCIA, and complains and alleges against Defendants, and each of them, as follows:

## JURISDICTION

1. This action is brought to remedy sexual harassment and discrimination all in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.* ("Title VII") and the corresponding Nevada Revised Statutes ("NRS") § 613.330 *et. seq.*

2. Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. § 2000e *et. seq.* and Nevada Revised Statutes § 613.330 *et. seq.*

3. Venue herein is properly in this District pursuant to 28 U.S.C. §1441 (b), §706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3), and under NRS §613.330 *et. seq.* This Court has supplemental jurisdiction over the claims in this action arising under the laws of the State of Nevada pursuant to 28 U.S.C. §1367 and the principles of pendent jurisdiction.

## PROCEDURAL REQUIREMENTS

4. Plaintiff has satisfied all administrative and jurisdictional requirements necessary to maintain this lawsuit.

## THE PARTIES

5. All acts alleged herein occurred in Clark County, Nevada.

6. Defendant, NINE GROUP, LLC, is and was a Delaware limited liability company, and it is believed it is an employer within the meaning of Title VII, as amended.

7. Defendant, NINE GROUP II, LLC, is and was a Delaware limited liability company, and it is believed it is an employer within the meaning of Title VII, as amended.

8. Defendant, NINE GROUP MANAGEMENT, INC., is and was a Nevada corporation, and it is believed it is an employer within the meaning of Title VII, as amended.

9. Defendant, NINE GROUP MANAGEMENT II, INC., is and was a Nevada corporation, and it is believed it is an employer within the meaning of Title VII, as amended.

10. Defendant, N-M VENTURES, LLC, is and was a Nevada limited liability company, and it is believed it is an employer within the meaning of Title VII, as amended.

11. Defendant, N-M VENTURES II, LLC, is and was a Nevada limited liability company, and it is believed it is an employer within the meaning of Title VII, as amended.

12. The Defendants, NINE GROUP, LLC, NINE GROUP II, LLC; NINE GROUP MANAGEMENT, INC.; NINE GROUP MANAGEMENT II, INC; N-M VENTURES, LLC; and N-M VENTURES II, LLC will be collectively referred to herein as the "Nine Group."

13. Plaintiff believes that the Nine Group Defendants are all alter egos of one another such that adherence to the corporate fiction would sanction and promote a fraud.

14. Defendant, RAUL DANIELS, is and was believed to be a resident of the United States residing in the State of Nevada.

15. At all times mentioned herein, it is believed that RAUL DANIELS was an employee, servant, and agent of the Nine Group, and at all times relevant herein was acting in the course and scope of his employment or agency, and his actions were ratified by the Nine Group.

## GENERAL ALLEGATIONS

16. On or about January 24, 2007, the Nine Group hired Plaintiff as a VIP Reservationist for Administration. Plaintiff's primary place of work was on the property commonly known as the Palms Casino located at 4321 W. Flamingo Road in Las Vegas, Nevada. This will hereinafter be referred to as the "Palms workplace."

17. On or about February 1, 2008, the Nine Group promoted Plaintiff to Special Events Coordinator.

18. For a period of time, Plaintiff's position was eliminated due to downsizing and she was transferred to another venue, the Stuff Store, in the Palms Casino.

19. On or about February 1, 2009, Plaintiff was transferred back to the position of Special Events Coordinator and she was returned to the same location, namely, the "Palms workplace," where she previously worked.

20. As the Special Events Coordinator, Plaintiff answered to various managers, including Raul Daniels, National Sales Manager, who was one of Plaintiff's direct supervisors.

21. The Palms workplace consisted of a large, open area with various desks and cubicles for different employees. Each of the desks and cubicles of the employees was open to the vision of all other employees, including the signs, posters, and documents placed on the walls.

22. At Raul Daniels' cubicle or work station, he placed multiple sexually suggestive and offensive signs and posters. For example, some of these posters read:

    a. "Thanks for taking one hand off your BlackBerry to finger-bang me."

    b. Another read: "Please vote for my stupid mom Sarah Palin. I'm a _whore_ and I thank you for your vote!" (emphasis in original).

    c. Another read: "If you're gonna ride my ass that hard, you could at least pull my hair."

23. Other signs that were sexually suggestive in nature were also prominently displayed at the Palms workplace.

24. Plaintiff was also subjected to sexually suggestive language. For example, her supervisor compared the size of a rolodex to the size of his "cock."

25. Raul Daniels also repeatedly called Plaintiff a "bitch."

26. In April 2009, Raul Daniels began touching Plaintiff, including slapping her on the buttocks multiple times, over Plaintiff's objection.

27. Raul Daniels also, on multiple occasions, grabbed Plaintiff's arm. When she would try to pull away, he would make sexual comments such as "ya, you like that" or "oh ya" while nodding his head "yes."

28. Throughout the time that Plaintiff worked as Special Events Coordinator, the Human Resources director, Staci Haskins, visited the Palms workplace and would joke with the managers there, including Raul Daniels, about the sexually suggestive language and signs. But there was never a time that those signs were removed, covered up, or taken from the workplace.

29. Because of the Human Resources director's nonchalance to these actions, Plaintiff did not know whom she could talk to about this situation because her direct supervisor was involved in the sexual harassment and it took place in front of the other managers and supervisors, none of whom objected or insisted that it stop. Further, the Human Resources Director knew of these activities for many months and allowed them to continue.

30. Finally, on April 29, 2009, Plaintiff lodged a complaint with Human Resources. As she feared, however, nothing changed.

31. Ultimately, the harassment became so pervasive that it was affecting Plaintiff's health. She had no choice but to end her employment.

32. Plaintiff was constructively discharged on May 12, 2009.

33. At all times mentioned herein, Defendant, Raul Daniels, was a manager, director, and supervisor of Plaintiff and was acting in the course and scope of his employment with the Nine Group.

34. At all times mentioned and in doing the acts alleged in this Complaint, the Nine Group Defendants are all independently and vicariously liable for the conduct of Defendant, Raul Daniels.

## FIRST CAUSE OF ACTION
**(Title VII Hostile Work Environment and Sexual Harassment against all Defendants)**

35. Plaintiff incorporates each of the foregoing allegations in this Complaint as if fully set forth herein.

36. As more fully set forth above, Plaintiff was subject to verbal and physical conduct of a sexual nature. This sexual conduct was unwelcome.

37. The sexual conduct was sufficiently severe or pervasive as to alter the conditions of Plaintiff's employment and it created an abusive and hostile work environment in violation of Title VII.

38. The Nine Group, through its managers and directors as well as it Human Resources Department, knew of this sexually charged hostile environment and took no action to stop it.

39.  Plaintiff's immediate supervisor subjected her to the sexually harassing behavior through signs, language, and his actions of grabbing her arm and slapping her on the buttocks. Plaintiff's other supervisors and Raul Daniels's supervisor knew of these sexual actions but did nothing to stop them.

40.  The verbal and physical sexually offensive conduct endured by the Plaintiff was so severe and pervasive that it was frequent, severe, physically threatening and humiliating, and interfered with Plaintiff's work performance. Further, it affected Plaintiff's health causing her to see a health care provider.

41.  Given the aforementioned, Defendants' verbal and physical conduct was so severe and pervasive as to constitute an objective abuse hostile work environment.

42.  As a direct and proximate result of the conduct of the Defendants described hereinabove, Plaintiff has sustained damages in excess of Ten Thousand Dollars ($10,000.00).

43.  As a result of Defendants' conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs.

44.  Defendants have acted willfully and maliciously, and with oppression, fraud, or malice, and as a result of Defendants' wrongful conduct, Plaintiff is entitled to an award of exemplary or punitive damages.

## SECOND CAUSE OF ACTION
### (NRS 613.330 *et. seq.* Hostile Work Environment and Sexual Harassment against all Defendants)

45.  Plaintiff incorporates each of the foregoing allegations in this Complaint as if fully set forth herein.

46.  NRS 613.330 holds that it is an unlawful employment practice for an employer to discriminate against an employee with respect to the employee's conditions of employment because of her sex or to otherwise create a hostile work environment.

6

47. Defendants discriminated against Plaintiff on the basis of her sex (female) in violation of NRS 613.330 by the following actions:

    a. Subjecting Plaintiff to sexual harassment by Raul Daniels thereby creating and maintaining a sexually charged hostile work environment that affected the terms, conditions, and privileges of Plaintiff's employment.

    b. Failing to take appropriate and timely action to prevent and promptly correct the discriminatory treating and its substantial effects on Plaintiff.

    c. Plaintiff's immediate supervisor subjected her to the sexually harassing behavior through signs, language, and his actions of grabbing her arm and slapping her on the buttocks. Plaintiff's other supervisors and Raul Daniels's supervisor knew of these sexual actions but did nothing to stop them.

48. Given the aforementioned, Defendants' verbal and physical conduct was so severe and pervasive as to constitute an objective abusive hostile work environment.

49. As a direct and proximate result of the conduct of the Defendants described hereinabove, Plaintiff has sustained damages in excess of Ten Thousand Dollars ($10,000.00).

50. As a result of Defendants' conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs.

51. Defendants have acted willfully and maliciously, and with oppression, fraud, or malice, and as a result of Defendants' wrongful conduct, Plaintiff is entitled to an award of exemplary or punitive damages.

### THIRD CAUSE OF ACTION
**(Negligent Hiring, Training, and Supervision against the Nine Group Defendants)**

52. Plaintiff incorporates each of the foregoing allegations in this Complaint as if fully set forth herein.

53. The Nine Group Defendants had a duty to hire competent persons, properly train them for tasks they would perform, and supervise them in the performance of those tasks.

54. Plaintiff believes that the Nine Group Defendants breached their duty in the hiring, training, and supervision of its employees, including, but not limited to, Raul Daniels.

55. As a direct and proximate result of the conduct of the Defendants described hereinabove, Plaintiff has sustained damages in excess of Ten Thousand Dollars ($10,000.00).

56. As a result of Defendants' conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs.

57. Defendants have acted willfully and maliciously, and with oppression, fraud, or malice, and as a result of Defendants' wrongful conduct, Plaintiff is entitled to an award of exemplary or punitive damages.

**FOURTH CAUSE OF ACTION**
**(Respondeat Superior / Vicarious Liability against the Nine Group Defendants)**

58. Plaintiff incorporates each of the foregoing allegations in this Complaint as if fully set forth herein.

59. At all times relevant herein, the Defendant, Raul Daniels, was an employee or agent of the Nine Group Defendants and was acting within the scope of his employment.

60. Accordingly, the Nine Group Defendants are vicariously liable for the damages caused by Defendant Raul Daniel's actions and negligence.

61. As a direct and proximate result of the conduct of the Defendants described hereinabove, Plaintiff has sustained damages in excess of Ten Thousand Dollars ($10,000.00).

62. As a result of Defendants' conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs.

63. Defendants have acted willfully and maliciously, and with oppression, fraud, or malice, and as a result of Defendants' wrongful conduct, Plaintiff is entitled to an award of exemplary or punitive damages.

## FIFTH CAUSE OF ACTION
### (Assault and battery against Raul Daniels)

64. Plaintiff incorporates each of the foregoing allegations in this Complaint as if fully set forth herein.

65. Alternatively, should it be determined that Raul Daniels' actions were not within the course and scope of his employment, Plaintiff brings this cause of action against Raul Daniels individually.

66. On multiple occasions, Raul Daniels touched Plaintiff's body by, among other things, grabbing her arm and slapping her on the buttocks.

67. These touches were offensive, unwelcome, and caused Plaintiff to fear additional touching.

68. Plaintiff did not consent to the touching.

69. As a direct and proximate result of the conduct of the Defendants described hereinabove, Plaintiff has sustained damages in excess of Ten Thousand Dollars ($10,000.00).

70. As a result of Defendants' conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs.

71. Defendants have acted willfully and maliciously, and with oppression, fraud, or malice, and as a result of Defendants' wrongful conduct, Plaintiff is entitled to an award of exemplary or punitive damages.

WHEREFORE, Plaintiff prays judgment of this Court against the Defendants in this action, as follows:

1. General damages in an amount in excess of $10,000.00;
2. Special damages in an amount in excess of $10,000.00;
3. Punitive or exemplary damages;
4. Costs of suit and attorneys' fees;

5.   For judgment for interest; and

6.   For such other and further relief as is just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), 42 U.S.C. § 1981a(c)(1), and the Seventh Amendment to the United States Constitution, Plaintiff hereby demands a jury trial.

Dated this 11 date of April, 2011.

By: _____
David A. Tanner, Esq.
Nevada Bar No. 8282
TANNER LAW FIRM
9555 S. Eastern Ave., Suite 270
Las Vegas, NV 89123
Telephone (702) 987-8888
Facsimile (702) 410-8070
david@tannerlawfirm.com

Attorney for Plaintiff